ROXANNA GOLD MINING & TUNNELING CO. v. CONE et al.

(Circuit Court, D. Colorado.   December 27, 1899.)

No. 3,968.

MINES AND MINERALS—INTERSECTING VEINS.

Where two veins, having apexes in different claims, unite in their dip, within the perpendicular extension of the side lines of another claim, the owners of the last claim cannot contest as to the rights in the vein beyond the point of union, since they have no interest in either vein.

Bill to Restrain Work in a Mine.

The following is the map referred to in opinion:

Dines & Whitted, Joseph C. Helm, and W. D. Reid, for complainant.

Thomas, Bryant & Lee and Morrison & De Soto, for respondents.

HALLETT, District Judge (orally). This is a bill to restrain work upon a mine. The complainant charges that it owns the Mountain Monarch lode mining claim, in the Cripple Creek district, county of Teller, and that respondents are taking ore from within the surface lines at a considerable depth underground. Complainant's title to the Mountain Monarch claim is not disputed, nor is the charge denied that the respondents are removing ore from the claim. Without stating the pleadings at length, or the matters set forth in the affidavits in respect to the contentions of the parties, it appears that respondents are operating from another claim south of the complainant's claim, called the "Doctor," and that they have descended into the ground in controversy, following the Doctor vein from the Doctor location upon the dip; the lode which in the pleadings and in the affidavits is called the "Doctor" vein having a dip to the north from that location. The position of the respondents is that there is but one vein having a continuous course through the Doctor location, and that is the vein which they have followed from the Doctor location to and under the Mountain Monarch location. Complainant contends that there are two veins in that locality, one which is called the "Jack Pot" vein, and another called the "Doctor" vein, the latter being the one under which respondents claim. The Mountain Monarch and the Doctor claims are not contiguous. The two locations are some distance apart, and in the space intervening between the two locations is a claim called the "Elizabeth Cooper." According to complainant's theory, one of these veins—the Doctor vein—has an apex in the Doctor location at the point in controversy, and from the west end of that location to a distance eastward 600 feet or more. The other vein, called the "Jack Pot," has an apex north of the Doctor location, and in the territory of the Elizabeth Cooper location, at the west end line of the Doctor, which enters the Doctor location a considerable distance north of the west end line, and through the north side line of the Doctor, and passes on through that claim. Complainant has filed a map made by the surveyors, who support complainant's application with affidavits which show the location of the apex of each of these veins, the Doctor and the Jack Pot. Looking at this map, the apex of the Doctor vein crosses the west end line of the Doctor location, and passes eastward through that location. The apex of the Jack Pot vein is in the Elizabeth Cooper territory, and a little north of the Doctor location, at the west end line of that location, and enters the Doctor location a short distance east of the west end line of that location, and through the north side line. Accepting this statement of fact in respect to the position and extension of these two veins, it seems that the complainant has not the apex of the Doctor vein or of the Jack Pot vein at any point within its location.

Upon the complainant's case as presented, and without referring to the defendants' attitude in respect to the condition of things

underground, these two veins coming together on their dip within the territory of the Mountain Monarch, the ore will belong in that territory to the owner of the apex of one or the other of these veins. The complainant, not asserting or claiming title through and by means of the apex of one or the other of the veins, fails to show title as to either of them. According to the complainant's statement of the position of the Jack Pot vein, the Doctor location would have no right to follow that vein into the ground in controversy. That right would be in the owners of the Elizabeth Cooper location; and the Doctor locators, the respondents in this bill, would have a right, owning the apex within their territory, to follow the vein into the ground in controversy, subject to the prior right of the Elizabeth Cooper locators, assuming that to be the older of the two locations.

In other words, upon the case as stated by the complainant, the ownership of this ore stands between the Elizabeth Cooper people and the Doctor people, and not between the complainant and the Doctor people. The existence of the Doctor vein and its continuity to the place in controversy seems not to be questioned by the complainant. Complainant relies entirely upon the circumstance, which it alleges to be true, that there are two veins in that locality which unite at the tenth level, or between the tenth and twelfth levels, in the Mountain Monarch territory. So understood, the right is not with the complainant in either case. It must be with the owners of the Elizabeth Cooper or with the owners of the Doctor claim.

In this view, I think the motion for injunction should be denied. As the circumstance of the location and situation of these veins is perhaps not very fully explained, or not as fully explained as it may be at some other time, this ruling will be subject to the right of the complainant to renew its motion, if any different condition of affairs shall be developed in the territory in controversy.

## On Motion for Rehearing.

### (February 7, 1900.)

HALLETT, District Judge (orally). This is a bill to enjoin work in a mine. A motion for injunction was heard and denied at this term. Counsel have within a few days back reargued the questions presented in the record. In this argument it appears that the opinion rendered by the court at the first hearing was not understood by counsel. Complainant is the owner of a claim called the "Mountain Monarch," and at some small distance south of that location there is another location called the "Doctor," which is owned by respondents. It is shown in the record that respondents have followed a vein upon their location which has a dip to the north, through and across an intervening claim called the "Elizabeth Cooper," and into the territory of the Mountain Monarch location. Complainant asserts that there is another vein having its apex in the Elizabeth Cooper location, and at some distance east of the west end line of the Doctor location, and there entering the Doctor location. This last-mentioned vein is called by complainant the "Jack

Pot" vein. Complainant's theory is that this vein unites with the vein found by respondents, and called the "Doctor" vein, at a considerable depth from the surface, within the Mountain Monarch ground, and in the neighborhood of the tenth and twelfth levels. The situation, then, as put by the complainant, is that there are two veins, uniting in their descent into the earth, within their territory, and the apex of one of those veins is in the Doctor claim, and the apex of the other of the veins is in the Elizabeth Cooper territory. This is the state of affairs at the west end of the Doctor claim, and for 200 feet east from that point, which would cover the ground in controversy in the Mountain Monarch claim or some portion of it.

The decision of the court at the first hearing was that the complainant, not having the apex of either vein, was in no position to claim the ore in its ground, whether it should be in one vein or the other. That ruling is based upon the last clause of section 2336 of the Revised Statutes, which declares: "Where two or more veins unite, the oldest or prior location shall take the vein below the point of union, including all the space of intersection." Under this statute, it was said that the controversy must lie between the owners of the Elizabeth Cooper territory and the owners of the Doctor territory, and that would depend upon whether the one or the other was the older location, because this statute says that, in case of the union of veins in their descent into the earth, the oldest or prior location shall take the vein below the point of union. That is the matter which counsel seem not to have understood.

The last argument by complainant's counsel was directed to the question whether the Elizabeth Cooper locators could claim the ore in the Jack Pot vein because of the location of their claim in such manner that the apex must traverse the claim from side to side, and not through the end lines. That is a matter of which we are in no situation to speak. The owners of the Elizabeth Cooper claim are not parties to this suit; therefore they cannot be heard in this suit to say whether the position of the vein is here or there in their location. Whether it be true that the Elizabeth Cooper claimants may follow this vein called the "Jack Pot" into the depths of the earth, and under the Mountain Monarch location, or not, as between these parties the result is the same. If the Elizabeth Cooper people are not in a position to follow the Jack Pot vein under the Mountain Monarch location, and if that be the elder location as between that location and the Doctor location, then the Doctor location may hold the ore under that branch of the vein which outcrops in its territory. Nothing is alleged against the outcrop of the Doctor vein. It appears affirmatively in this record that it follows the course of the location across the western end line of the Doctor claim, and for 600 feet east from that point. So that the proposition declared at the first hearing is still true,—the ownership of the ore in question under the Mountain Monarch location is a matter which may be in issue between the Elizabeth Cooper people and the Doctor people, but no issue can be raised in respect to it by the Mountain Monarch people, from the facts as shown in this record. The motion for rehearing will be denied.